

FILED
JUL 26 2019
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY　　　　DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Jean Louis CONTRERAS (2),<br>aka "Dexter,"<br><br>Defendant. | Case No.: 17-cr-3856-JAH<br><br>**PROTECTIVE ORDER** |

Under Rule 16(d) of the Federal Rules of Criminal Procedure pertaining to pretrial discovery, and General Order No. 514 of the United States District Court for the Southern District of California ("General Order No. 514"), to safeguard the sensitive financial information and personally identifiable information of non-party victims and others,

IT IS HEREBY ORDERED that:

1. Any discoverable documents that were filed under seal are unsealed for the limited purpose of allowing the United States to provide them to each defendant and defense counsel ("the defense") in discovery.

2. The United States is authorized to disclose to the defense grand jury matter in order to fulfill its statutory and Constitutional discovery obligations in this case. The

term "grand jury matter" as used in this Order means (1) transcripts of testimony before the grand jury, and (2) documents or objects marked as grand jury exhibits.

3. All discovery produced by the United States in this case is for use by the defense solely for investigating, preparing for trial, trial, and any appeals of this matter and for no other purpose.

4. The defense may not distribute, disseminate, disclose, or exhibit discovery materials to any person who is not a part of the defense, except as further set forth herein.

5. Defense counsel shall sign a copy of this Protective Order, acknowledging its terms and agreeing to comply with them, and ensure that every member of his/her defense team is advised of the Order and agrees in writing to be bound by its terms.

6. The defense shall take all reasonable steps to: (a) maintain the confidentiality of the discovery, and (b) safeguard the discovery produced in this case from disclosure to or review by any third party.

7. The defense may share discovery materials with any investigators, consultants or experts retained by the defense in connection with this case, provided that the defense informs any such individual(s) of this Order and obtains his/her written agreement to be bound by its terms.

8. The defense may show witnesses discovery materials as necessary for the preparation of the defense, but may not give copies or the materials to witnesses absent further Order of the Court.

9. The defense shall return any and all copies of the discovery to the United States within 90 days of the conclusion of the proceedings in the above-referenced case, including any appeal.

10. To the extent that any of the criminal discovery materials contain any individual's personal information, within the meaning of General Order 514, the

defense shall redact any filings referencing or containing said materials in a manner consistent with General Order 514.

11. To the extent that any criminal discovery materials were filed with the court under seal, the defense shall file a motion to unseal the documents with notice to the United States before any pleadings or exhibits referencing or containing said materials may be publically filed.

12. If defense counsel withdraws or is disqualified from participation in this case, the defense shall return any discovery produced pursuant to the Order shall be returned to the United States within 10 days.

13. **Any discovery marked "Attorney's Eyes Only" based on its incorporation of sensitive financial information and/or personally identifiable information of non-party victims and/or others shall be reviewed only by defendant's counsel of record, and the counsel's assistants. "Attorney's Eyes Only" discovery shall not be shared with or reviewed by defendant himself.**

SO ORDERED.

DATED: 7-25, 2019

_____
HON. JOHN A. HOUSTON
United States District Court
Southern District of California

I have reviewed the foregoing protective order, and consent to its entry and agree to be bound by its terms.

DATE: 7/22/2019

_____
David Silldorf
Attorney for Defendant
JEAN LOUIS CONTRERAS (2)

*United States v. Jean Louis CONTRERAS (2)*
*17-cr-3856-JAH*